# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 24-5110

September Term, 2024

FILED ON: JUNE 20, 2025

TAMI M. DIXON,

APPELLANT

v.

SCOTT BESSENT, IN HIS OFFICIAL CAPACITY, DEPARTMENT OF TREASURY, ET AL.,

APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-cv-03496)

Before: PILLARD and WILKINS, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* D.C. CIR. R. 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the judgment of the district court be **AFFIRMED.**

Petitioner Tami Dixon claims that she was constructively discharged from her position as an enforcement officer for the Office of Foreign Assets Control (OFAC or Office) in the Department of the Treasury (Treasury) after her requests for religious and medical exemptions from the Office's COVID-19 prevention policies were denied. Like other federal employees, Dixon worked remotely during the COVID-19 pandemic. However, in the spring of 2022 the Office directed Dixon to begin working in-office for a few days per pay period. Per OFAC policy, employees like Dixon who had decided not to receive a COVID-19 vaccine were required to comply with masking/social distancing rules and regularly test for COVID-19 before entering agency buildings. First Amended Complaint (Compl.) ¶¶ 52-53, 58 (J.A. 116, 118). Dixon sought religious and medical exemptions from the return-to-work policy (and associated COVID-19 safety policies) that would allow her to continue to work from home, citing primarily a religious belief in the right to informed medical consent rooted in Christian doctrine. The Department

denied her requests, explaining that Dixon had not "specifically state[d] that [her] religious beliefs prohibit [her] from complying with the safety precautions required to return to the office," that it was unclear whether she had a religious belief incompatible with the safety precautions or only a "personal preference or desire to avoid returning to the workplace," and that there was no "identified . . . medical condition or limitations that preclude[d] [her] from working in-office or taking the precautions mandated." Compl. ¶¶ 58-59 (J.A. 118-19). Dixon left her position at OFAC and took a lower-paid position at another agency.

After pursuing administrative remedies, Dixon filed this suit in the district court against the Secretary of the Treasury and several individual Treasury employees (Appellees). In addition to claims under the Religious Freedom Restoration Act and allegations of a hostile work environment, both of which Dixon has abandoned on appeal by not raising in her opening brief, *see U.S. ex rel. Kasowitz Benson Torres LLP v. BASF Corp.*, 929 F.3d 721, 728 (D.C. Cir. 2019), Dixon alleged discrimination on the basis of disability in violation of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and on the basis of religion in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* *See* Compl. ¶¶ 102-29 (J.A. 127-30).

The district court granted Appellees' motion to dismiss, and Dixon appealed to this court. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the dismissal for failure to state a claim, accepting Dixon's allegations as true and drawing all reasonable inferences in her favor. *Menoken v. Dhillon*, 975 F.3d 1, 5 (D.C. Cir. 2020).

## I.

Dixon first contests the dismissal of her Rehabilitation Act claim. The Rehabilitation Act, which was a model for and incorporates relevant precedent under the Americans with Disabilities Act (ADA), protects federal employees from discrimination on the basis of "disability." *Doak v. Johnson*, 798 F.3d 1096, 1098 (D.C. Cir. 2015); *see* 29 U.S.C. § 791(f); 42 U.S.C. § 12102(1). An individual qualifies as having a disability if they have a "physical or mental impairment that substantially limits one or more major life activities," a "record of such an impairment," or is "regarded as having such an impairment." 42 U.S.C. § 12102(1). To make out a "regarded-as" claim, the individual need not show that the impairment "limits or is perceived to limit a major life activity," but the perceived impairment may not be "transitory and minor."[1] *Id.* § 12102(3).

The precise nature of Dixon's Rehabilitation Act claim is somewhat difficult to discern. Dixon's complaint captions the claim as resting "on [a] perceived disability" and alleges that she was regarded as being medically unable to use a COVID-19 test that required inserting "a Q-Tip like device" into her nostrils. Compl. ¶¶ 102-106 (J.A. 127-28). However, Dixon never explicitly alleges that OFAC personnel had any such perception, nor any specifics of the respiratory

---

[1] The District Court suggested that Dixon had to demonstrate that she was regarded as having an impairment that substantially limited a major life activity, *Dixon v. Yellen*, No. 22-03496, 2024 WL 1831967, at *2 (D.D.C. Mar. 21, 2024), but that requirement for "regarded-as" disability claims was dropped by Congress in the 2008 amendments to the ADA, *see* Dixon Br. 20-21.

2

disability she implies they ascribed to her. Nor does she challenge on appeal the district court's holding that she had failed to administratively exhaust any claim "based on the theory that [Dixon] has a disability that prevents her from using a nasal swab for testing." *Dixon*, 2024 WL 1831967, at \*2 n.4. She has thus forfeited any claim of discrimination based on an alleged inability—or perceived inability—to use a COVID-19 test. *See BASF Corp.*, 929 F.3d at 728.

Instead, Dixon principally argues that she is covered by the Rehabilitation Act because Treasury "regarded [her] as having a communicable disease unless and until she provided proof of vaccination or negative test results." Dixon Br. 22. It is uncontested that Dixon was treated differently from vaccinated colleagues based on her unvaccinated status. But Dixon has failed to plausibly allege that OFAC's policy or treatment of her was based on any perceived "impairment" within the meaning of the Rehabilitation Act. The fact that an employer in the midst of a global pandemic treats employees who refuse public-health precautions against contagion as posing elevated health risks to others in the workplace does not mean the employer perceives those employees as disabled.

Even if we accept that Dixon has plausibly alleged that her employer treated her as presumptively infected with COVID-19, federal courts have generally treated COVID-19 infection as too "transitory and minor" to qualify as an impairment under the ADA. *See Lundstrom v. Contra Costa Health Servs.*, No. 22-cv-06227, 2022 WL 17330842, at \*5 (N.D. Cal. Nov. 29, 2022) (collecting cases); 42 U.S.C. § 12102(3). A perception that an employee is infected with COVID-19 may well qualify as a disability in some circumstances, but a plaintiff bringing such a claim must allege that her imputed infection was sufficiently serious and lengthy to meet the ADA's disability definition. Dixon has not done so here. Dixon references federal guidance spelling out how certain forms of "Long COVID" may meet the ADA definition of a disability, but she has not alleged that she was regarded as having Long COVID. *See* Dixon Br. 22-23 (citing *Guidance on "Long COVID" as a Disability Under the ADA, Section 504, and Section 1557*, DEP'T OF HEALTH & HUM. SERVS. & DEP'T OF JUST. (July 26, 2021), https://perma.cc/LT6H-5UTS.).

In her reply brief, Dixon abandons her opening brief's theory that "[COVID-19] infection is her specific [perceived] disability." Reply Br. 7. She instead relies on "disabilities, including, but not limited to, respiratory disabilities, sleep disorder, [and] anxiety" that she asserts should have been accommodated by allowing her to work from home and avoid getting vaccinated or submitting to COVID-19 testing. Dixon Reply Br. 6-7. Her failure to preserve that claim provides further justification for affirming the dismissal of Dixon's Rehabilitation Act claim.

## II.

Dixon also appeals the dismissal of her religious discrimination claim. To state a claim that OFAC violated Title VII by rejecting Dixon's request to work remotely, Dixon must allege facts that "raise an inference" that the denial was based on her religion. *Brown v. Sessoms*, 774 F.3d 1016, 1022 (D.C. Cir. 2014). The only way Dixon claims to have done so is by identifying "similarly situated" employees, not part of the protected class, who had their remote-work requests

approved. But she makes no plausible allegations that employees who were permitted to work remotely were situated similarly to her. *See generally Breiterman v. U.S. Capitol Police*, 15 F.4th 1166, 1174-75 (D.C. Cir. 2021); *cf. Wheeler v. Georgetown Univ. Hosp.*, 812 F.3d 1109, 1115-16 (D.C. Cir. 2016). Dixon only generally alleges that "Remote Work Arrangements were in fact being approved for other staff," with "[a]t least two persons" already receiving approval, and that she was told "the only remote work assignments that were being approved were for military spouses." Compl. ¶¶ 43, 55, 65, 124 (J.A. 113, 117, 121, 130). Dixon's acknowledgement that the agency was apparently granting remote work solely to employees with military spouses—a criterion she does not claim applies to her—undercuts the inference she would have us draw. Nothing in the complaint suggests any staff members who received remote-work approval were situated similarly to Dixon, or even that they did not share her faith.

\* \* \*

For the foregoing reasons, the District Court's dismissal is **AFFIRMED**. This disposition is unpublished. *See* D.C. CIR. R. 36(d). The Clerk is directed to withhold issuance of the mandate until seven days after the resolution of a timely petition for rehearing or rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

### Per Curiam

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk

4